# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-3932 |
| | § | |
| GEOVERA SPECIALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before this court is Plaintiff Antonio Diaz's motion to remand (Dkt. 4) and Defendant GeoVera Specialty Insurance Company's response (Dkt. 6). Plaintiff did not file a reply to Defendant's response. Having considered the motion, response, and applicable law, the court finds that Plaintiff's motion should be **DENIED**.

## I. BACKGROUND

Plaintiff sued Defendant on August 22, 2019, in the 80th Judicial District Court of Harris County, Texas, under Cause No. 2019-58620. *See* Dkt. 1-3, Ex. C (Plaintiff's Original Petition) ("Pet."). Plaintiff alleges that "Defendant improperly denied and/or underpaid the claim." Pet. ¶ 13. Plaintiff brings claims of breach of contract and various violations of the Texas Insurance Code—including prompt payment of claims and bad faith—seeking actual damages and attorney fees. *Id.* ¶¶ 17–28. Defendant timely removed the action to this court on October 10, 2019. Dkt. 1. Plaintiff timely seeks remand to state court. Dkt. 4.

## II. LEGAL STANDARD

Federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28

U.S.C. § 1332(a)(1). "The party seeking to assert federal jurisdiction, in this case [Defendant], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

However, courts must "remain[] vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "The court looks to the face of the plaintiff's original petition to evaluate the amount in controversy." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co. (De Aguilar I)*, 11 F.3d 55, 58 (5th Cir. 1993) (citations omitted). "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed . . . ." *De Aguilar v. Boeing Co. (De Aguilar II)*, 47 F.3d 1404, 1411 (5th Cir. 1995).

The amount in controversy is determined at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *De Aguilar II*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970

2

F.2d 355, 356 (7th Cir. 1992) (per curiam) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938))).

### III. ANALYSIS

Plaintiff does not dispute that the parties are diverse. Dkt. 4. Instead, Plaintiff argues that remand is proper because, the "[pre-suit] demand was for $27,863.24[] and it made clear that the insured would never demand an amount greater than $75,000.00," and because "Plaintiff executed a Binding Stipulation to ensure that the amount in controversy in this lawsuit could not and would never exceed $75,000.00." *Id.* at 1. *See also* Dkt. 4-1 (Plaintiff's Demand Letter); Dkt. 4-2 (Plaintiff's Binding Stipulation). Defendant argues that Plaintiff's "bare allegations of jurisdictional facts that the amount in controversy is 'less than $74,000' are insufficient to defeat federal jurisdiction" because Plaintiff cannot "demonstrate 'to a legal certainty that the claim really is for less than the jurisdictional amount.'" Dkt. 6 at 2 (quoting *St. Paul*, 134 F.3d at 1253). Defendant also points out that Plaintiff's binding stipulation was executed *after* removal, and therefore cannot defeat federal jurisdiction.

The court begins by looking at the face of the petition. *Allen*, 63 F.3d at 1336. Plaintiff does not plead a specific amount of damages. Instead, the petition states that "Plaintiff seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(1). Further, Plaintiff specifies that he seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs." Pet. ¶ 2. However, Plaintiff's bad faith claim includes a claim to "exemplary and/or treble damages." *Id.* ¶ 25. Moreover, Plaintiff does not state that he will not *accept* more than $74,000.00, only that he does not *seek* more than that. Should Plaintiff be awarded his pre-suit demand of $27,863.24, treble damages alone would exceed the jurisdictional threshold. Thus, Defendant has

3

shown by a preponderance that the amount in controversy exceeds the jurisdictional amount. *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (Kent, J.) (finding that defendant proved the propriety of removal even though Plaintiff only sought $48,890.26 in property damages, because plaintiff also sought exemplary and treble damages).

Thus, to defeat federal diversity jurisdiction, "plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed . . . ." *De Aguilar II*, 47 F.3d at 1411. Because Plaintiff's binding stipulation was executed on November 5, 2019 (Dkt. 4-2 at 2), *after* removal, it has no legal effect. *Id.* at 1412. Moreover, Plaintiff's demand letter, although relevant, is insufficient to prove "as a matter of law" that he cannot recover damages in excess of $75,000. *Id.* at 1411. Accordingly, Plaintiff's motion must be denied.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to remand (Dkt. 4) is **DENIED**.

Signed at Houston, Texas on December 31, 2019.

_____
Gray H. Miller
Senior United States District Judge